# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-598-DCK

| | |
|---|---|
| CHRISTOPHER PERKINS, )<br>)<br>Plaintiff, )<br>) **ORDER**<br>v. )<br>)<br>ANDREW SAUL,[1] )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 8) and "Defendant's Motion For Summary Judgment" (Document No. 10). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will direct that Plaintiff's "Motion For Summary Judgment" (Document No. 8) be granted; that "Defendant's Motion For Summary Judgment" (Document No. 10) be denied: and that the Commissioner's decision be vacated.

## I. BACKGROUND

Plaintiff Christopher Perkins ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On or about September 2, 2014, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, alleging an

---

[1] Andrew Saul was sworn in as the Commissioner of Social Security on June 17, 2019, and is automatically substituted as a party pursuant to Fed.R.Civ.P. 25(d).

inability to work due to a disabling condition beginning June 15, 2014. (Transcript of the Record of Proceedings ("Tr.") 13, 249). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on December 17, 2014, and again after reconsideration on December 16, 2015. (Tr. 13, 102, 108). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> We reviewed the facts in your case and decided that alcoholism is a contributing factor material to a finding of disability. This means you would not be disabled if you stopped using alcohol. Therefore, we cannot consider you disabled under the law.
>
> On your application you stated that you are disabled because of depression, asthma, exposure to chemical (sulfuric acid), sleeping disorder, chronic lumbosacral strain, tinnitus, eczema, hypertension, worse knee, reflux, irritable bowel syndrome, and history of right ACL tear.
> The medical information shows that all of your other impairments have also been considered and would not make you disabled. It has been decided, therefore, that you are not disabled according to the Security Act.

(Tr. 108).

Plaintiff filed a timely written request for a hearing on December 22, 2015. (Tr. 13, 111-112). On December 14, 2017, Plaintiff appeared and testified at a hearing before Administrative Law Judge Valorie Stefanelli (the "ALJ"). (Tr. 13, 36-69). In addition, Celena Earl, a vocational expert ("VE"), and Tracy Funk, Plaintiff's non-attorney representative, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on July 16, 2018, denying Plaintiff's claim. (Tr. 10-12, 13-30). On July 17, 2018, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on September 12, 2018. (Tr. 1, 245-247). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

2

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on November 9, 2018. (Document No. 1). On February 14, 2019, the parties consented to the Magistrate Judge jurisdiction in this matter. (Document No. 7)

Plaintiff's "Motion For Summary Judgment" (Document No. 8) and "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" (Document No. 9) were filed April 1, 2019; and "Defendant's Motion For Summary Judgment" (Document No. 10 ) and "Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No. 11) were filed May 30, 2019. Plaintiff declined to file a reply brief, and the time to do so has lapsed. See Local Rule 7.2(e).

Based on the foregoing, the pending motions are now ripe for review and disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). "[A] reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Peace v. Berryhill, 2019 WL 2406626, at *1 (4th Cir. June 7, 2019) (quoting Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017)). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between June 15, 2014, and March 31, 2017, the date last insured. (Tr. 13, 15, 29). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

    (1)    whether claimant is engaged in substantial gainful activity - if yes, not disabled;

4

> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 29).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since June 15, 2015, his alleged disability onset date. (Tr. 15). At the second step, the ALJ found that posttraumatic stress disorder (PTSD); alcohol abuse; left knee patellofemoral syndrome; asthma; and obstructive sleep apnea were severe impairments.[2] (Tr. 15). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 15-18).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform light work activity, with the following limitations:

> except occasional posturals; no concentrated exposure to hazards such as heights or moving machinery; no concentrated exposure to respiratory irritants such as gases, fumes or chemicals; no concentrated exposure to loud noises; simple routine tasks with occasional decision-making and occasional changes to the work duties with the ability to maintain concentration up to two (2) hours at a time; no tandem work; and only incidental casual non-intense contact with others necessary to perform work duties.

(Tr. 18). In making her finding, the ALJ stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform his past relevant work as a command and control specialist. (Tr. 28). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 29). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included an electronic worker, an inspector hand packager, and a laundry folder. (Tr. 29). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between June 15, 2014, and the date last insured March 31, 2017. (Tr. 29).

Plaintiff on appeal to this Court contends the ALJ erred by: (1) "failing to give substantial weight to the VA disability decision and by failing to give persuasive, specific and valid reasons for deviating from this default rule;" (2) "failing to identify and obtain a reasonable explanation

6

for the apparent conflict between the testimony of the VE and the DOT regarding the reasoning requirements of the jobs cited at Step Five;" and (3) "failing to perform a function by function assessment of Plaintiff's mental limitations when forming the RFC." (Document No. 9, p. 4). The undersigned is persuaded by Plaintiff's argument regarding the second alleged error and thus will address that issue only.

**Conflict between the VE testimony and DOT**

In his second assignment of error, Plaintiff argues that "[t]he ALJ failed to identify and obtain a reasonable explanation for the apparent conflict between the testimony of the VE and the DOT regarding the reasoning requirements of the jobs cited at Step Five of the SEP." (Document No. 9, pp. 4, 8-10). Plaintiff notes that the ALJ restricted Plaintiff "to the performance of 'simple routine tasks with occasional decision-making and occasional changes to the work duties.'" (Document No. 9, p. 8) (citing Tr. 18, 66-67). Plaintiff further notes that the VE then testified that Plaintiff could perform work as an electronic worker, an inspector hand packager, and a laundry folder. Id. (citing Tr. 29). The DOT titles for those jobs require a reasoning level of 2. Id. (citing DOT §§ 369.687-018; 559.687-074; 726.687-010 (Dept. of Labor 1977)).

"A reasoning level of '2' requires an individual to be capable of 'carry[ing] out detailed but uninvolved written or oral instructions. Deal with problems involving few concrete variables in or from standardized situations.'" (Document No. 9, pp. 8-9) (citing DOT, App'x C § III). "By contrast, a lower reasoning level of '1' requires an individual be capable of 'carry[ing] out simple one-or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.'" (Document No. 9, p. 9).

Plaintiff argues that ". . . there is an apparent conflict between the VE's testimony that Mr. Perkins could perform these jobs with a restriction to simple tasks and the DOT's requirement of

7

carrying out detailed tasks." (Document No. 9, p. 9). Plaintiff asserts that, "SSR 00-4p requires an ALJ to identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VE's and the information in the DOT." (Document No. 9, p. 9) (citing SSR 00-4p).

In Plaintiff's view, this case is like Pearson:

> Notably, the Court held in *Pearson* that the ALJ does not fulfill her affirmative duty to identify and obtain an explanation for any apparent conflicts "merely because the [vocational expert] responds 'yes' when asked if her testimony is consistent with the [*Dictionary*]." *Pearson*, 810 F.3d at 208-09. Rather, the "ALJ independently must identify conflicts between the expert's testimony and the *Dictionary*." *Id.* Thus, the VE's statement that her testimony was consistent with the DOT other than that regarding off task time and contact with others (*see* AR 68) does not satisfy the ALJ's independent duty to identify this conflict. The ALJ only stated in her decision that "[p]ursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." AR 29.

(Document No. 9, p. 9).

Plaintiff also contends that this case is similar to Thomas:

> [T]he conflict between Thomas's limitation to short, simple instructions and the VE's testimony that Thomas could perform jobs that include detailed but uninvolved instructions is as apparent as the conflict we identified in Pearson…[w]e remand so that the ALJ can resolve the conflict in accordance with the Administration's regulations.

(Document No. 9, p. 10) (quoting Thomas v. Berryhill, 916 F.3d 307, 314 (4th Cir. 2019). Plaintiff persuasively argues:

> This Court has ordered remand, applying *Thomas* to the same facts as in the present case where the ALJ limited the claimant to the performance of simple, routine, repetitive tasks, yet found the claimant capable of performing reasoning level "2" jobs and failed to address the apparent conflict in the ALJ decision. *See Bailey v. Berryhill*, No. 1:17-cv-326 FDW, 2019 WL 1139498, at *3-5

8

> (W.D.N.C. Mar. 12, 2019); *see also Johnson v. Berryhill*, No. 5:17-cv-548-FL, 2019 WL 1294643, at *3 (E.D.N.C. Mar. 20, 2019) ("The court sees no meaningful distinction between short, simple instructions and simple and routine tasks.").
>
> Thus, this case must also be remanded because the VE did not identify the conflict between her testimony and the DOT regarding the requisite reasoning level for the jobs cited at Step Five of the SEP (*see* AR 66-67) and the ALJ did not identify and obtain a reasonable explanation for this apparent conflict in her decision (*see* AR 29).

(Document No. 9, p.10).

In response, Defendant argues that the ALJ acted properly and that "Plaintiff's representative had no objections to the VE serving as an expert witness." (Document No. 11, p. 16) (citing Tr. 65). Defendant also notes that Plaintiff's representative did not "object when the VE stated that nothing in her testimony was inconsistent or contradictory with the DOT." Id. (citing Tr. 68). Defendant asserts "[a] General Education Development (GED) reasoning level of two does not necessarily preclude the performance of unskilled jobs involving simple routine tasks." Id. (citing Tr. 18).

Defendant further asserts that "[s]everal courts have held that a GED reasoning level of two does not preclude the performance of simple, routine tasks and, therefore, does not present any apparent conflict which needs to be addressed pursuant to *Pearson v. Colvin*, 810 F.3r at 210-212 (4th Cir. 2015)." (Document No. 11, p. 17). Defendant views this case as similar to Sigmon v. Berryhill:

> Plaintiff argues that the office helper and inspector/packer jobs identified by the V.E. require GED reasoning levels of two, which conflicts with the RFC limitation to simple, routine, repetitive tasks. This Court has consistently held that there is no conflict between reasoning level two work and a limitation to simple tasks. *Courtney v. Colvin*, No. 12cv0073, 2014 WL 1882583, at * 3 (W.D.N.C. May 12, 2014) (citing *Pippen v. Astrue*, No. 1:09cv308, 2010 WL 3656002, at *7 (W.D.N.C. Aug. 24, 2010) ("work requiring a reasoning level of two is not inconsistent with a limitation to simple

9

work") ). The Fourth Circuit's unpublished decision in *Henderson v. Colvin*, 643 F. App'x 273, 276–77 (4th Cir. Apr. 5, 2016) cited by Plaintiff does not suggest a different result. There, the Court addressed a limitation to "one-to-two step tasks," which is different from the RFC limitation here. Id.

No. 5:17-cv-120, 2018 WL 4576788 at *4 (W.D.N.C. April 5, 2018).

> The Commissioner also submits that a limitation to <u>routine</u> tasks indicates that any instructions would be <u>uninvolved</u> to satisfy reasoning level two concerns, which require employees to carry out "detailed but uninvolved" instructions.
>
> This Court has held that no apparent conflict exists between a limitation to perform simple, repetitive, routine tasks and jobs with Reasoning Level 2. *Lambert v. Berryhill*, No. 5:18CV-00028-RJC-DSC, 2019 WL 1354038, at *6 (W.D.N.C. Mar. 26, 2019) (footnotes omitted). <u>See</u> <u>also</u>, e.g., *Beasley v. Berryhill*, No. 1:17-CV-00294-RJC, 2019 WL 1330928, at *4 (W.D.N.C. Mar. 25, 2019); *Kiser v. Berryhill*, No. 3:17-CV-00739-FDW, 2019 WL 1173376, at *6 n.2 (W.D.N.C. Mar. 13, 2019).

(Document No. 11, p. 17)

Defendant suggests that this case is distinguishable from <u>Thomas v. Berryhill</u>, 916 F.3d 307, 313 (4th Cir. 2019):

> The Commissioner further submits the RFC herein is distinguishable from the RFC adjudicated in the case cited by plaintiff of *Thomas v. Berryhill*, No. 17-2215 (4th Cir. January 15, 2019). In the *Thomas* case, the RFC limited the claimant to "short" instructions. The word "short" does not appear in the RFC limitation in this case. A meaningful difference exists between a limitation to perform only SRTs—plaintiff's RFC limitation here—and a limitation to only receive and follow short, simple instructions—the RFC limitation in *Thomas*. The first limitation accounts for a claimant's ability to perform certain job tasks while the second limitation accounts for a claimant's ability to comprehend job tasks. *Thomas* is, therefore, distinguishable from the case at bar.
>
> Therefore, the VE identified jobs raised no apparent conflict with the DOT's reasoning level of two as argued by plaintiff.

(Document No. 11, pp. 17-18).

10

The undersigned is persuaded by Plaintiff's position and will direct that this matter be remanded for further consideration. The Fourth Circuit has opined that "[a]n ALJ has not fully developed the record if it contains an unresolved conflict between the expert's testimony and the *Dictionary*." Pearson v. Colvin, 810 F.3d 204, 210 (4th Cir. 2015). "Nor has the ALJ fulfilled this duty if he ignores an apparent conflict because the expert testified that no conflict existed." Id. In Thomas, the Fourth Circuit determined that ". . . the conflict between [a] limitation to short, simple instructions and the VE's testimony that Thomas could perform jobs that include detailed but uninvolved instructions is as apparent as the conflict we identified in *Pearson*." Thomas v. Berryhill, 916 F.3d 307, 314 (4th Cir. 2019).

The undersigned agrees with Plaintiff that this Court's recent decision in Bailey v. Berryhill, No. 1:17-cv-326-FDW, 2019 WL 1139498 (W.D.N.C. Mar. 12, 2019) is instructive here. See (Document No. 9, p. 10). In Bailey, the plaintiff was limited to "simple, routine, repetitive tasks" but was described by the ALJ and VE as capable of performing the jobs of "electronics worker, laundry folder, and hand packager" requiring a Reasoning Level 2. (Bailey, 2019 WL 1139498, at *3-5). Chief Judge Whitney applied Thomas v. Berryhill, to the facts in Bailey and determined that

> In the instant case, given the ALJ's findings of Plaintiff's inability to understand and remember detailed instruction, and the Fourth Circuit's recent holding in Thomas, this Court finds that an apparent conflict exists. Because the occupations identified by the VE have an apparent conflict with Plaintiff's RFC that was not identified or explained by the ALJ, the ALJ improperly relied on the VE's testimony in finding that Plaintiff could perform these jobs. See Henderson v. Colvin, 643 Fed.Appx. 273, 277 (4th Cir. 2016) (explaining that Pearson held substantial evidence only exists "if the ALJ received an explanation from the VE explaining the conflict and determined both that the explanation was reasonable and that it

>provided a basis for relying on the VE's testimony rather than the DOT").

Bailey, 2019 WL 1139498, at *5.

The Court finds that the circumstances of this case are very similar to Bailey. While the Commissioner may ultimately be correct that Plaintiff can perform work in the national economy, this matter must be remanded for further proceedings.

>As the Fourth Circuit explained in Pearson, the existence of a conflict here does not mean that on remand the ALJ must find Plaintiff unable to perform these jobs. Pearson, 810 F.3d at 211. Rather, the ALJ and expert need to address the conflict and explain why Plaintiff can perform those occupations.

Bailey, 2019 WL 1139498, at *5.

### IV. CONCLUSION

Based on the foregoing, the undersigned is not persuaded that substantial evidence supports the Commissioner's decision and that the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will direct that the Commissioner's decision be remanded. On remand, an ALJ should carefully review Plaintiff's alleged error regarding Plaintiff's RFC and the reasoning level of identified jobs. In addition, although the undersigned is not convinced Plaintiff's other alleged errors would support remand, it may be helpful for an ALJ to consider Plaintiff's other arguments and add further clarification in her/his decision as to those issues.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion For Summary Judgment" (Document No. 8) is **GRANTED**; the "Defendant's Motion For Summary Judgment" (Document No. 10) is **DENIED**; and this matter is **REMANDED** for further consideration.

**SO ORDERED**.

Signed: July 30, 2019

David C. Keesler
United States Magistrate Judge